# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAVEZ GIBSON, WILLIE CHAMBLISS, TRAVIS DECKARD,, FLOYD BROWN, and FRANK HALE | § § § § § | PLAINTIFFS |
| v. | § § | Civil Action No. 1:09CV725-LG-RHW |
| ATLANTIC SCAFFOLDING CO. | § § § | DEFENDANT |

## ORDER DENYING DEFENDANT'S
## MOTION TO STRIKE CERTAIN CLAIMS

**BEFORE THE COURT** is the Motion to Strike Certain Claims [113] filed by Atlantic Scaffolding Company. Atlantic argues that certain claims filed by the plaintiff should be stricken due to discovery violations. The plaintiffs filed a response in opposition to the Motion, and Atlantic filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Strike should be denied at this time. However, the plaintiffs are ordered to provide fully completed and executed releases in accordance with the Order granting in part and denying in part Motion to Compel [99] to Atlantic by no later than October 15, 2010. Furthermore, the Court will move this case to its May trial calendar, which will result in an extension of all deadlines related to this case.

### DISCUSSION

The plaintiffs have filed racial discrimination and emotional distress claims against their former employer, Atlantic. On June 11, 2010, Atlantic filed a Motion to

Compel Discovery [75], alleging inadequate discovery responses. On July 30, 2010, the Court entered an Order granting in part and denying in part Motion to Compel [99], requiring the plaintiffs to provide authorizations permitting Atlantic to obtain portions of their employment records, their income tax records for 2006 through 2009, and their earnings statements from the Social Security Administration within fourteen days. The plaintiffs do not dispute that they failed to comply with the Court's Order; rather they claim that their three lawyers were not aware of the Order, even though counsel for Atlantic sent them correspondence referencing the Order on August 6, 2010. Their attorneys allege that they were busy preparing for depositions and were relying on others to ensure compliance with court orders. In response to the present Motion to Dismiss, the plaintiffs provided releases for the first time, but some of the releases were not fully completed by the plaintiffs. In some cases, the plaintiffs failed to provide their addresses, spouses' information, and social security numbers. Therefore, the plaintiffs have not complied with the Court's Order despite the passage of over seven weeks. Atlantic has filed the present Motion seeking dismissal of the plaintiffs' claims for front pay, back pay, lost benefits, and other pecuniary losses pursuant to Rule 37.

Rule 37 of the Federal Rules of Civil Procedure provides that a court may sanction a party for failure to comply with a discovery order issued by the Court. A district court should only dismiss a case with prejudice pursuant to Rule 37 where the failure to comply with the Court's order resulted from wilfulness or bad faith and not from an inability to comply. *Batson v. Neal Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir. 1985). The court should consider whether the opposing party was prejudiced in

preparing for trial, whether a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders, and whether the behavior was attributable to the attorney rather than the client. *Batson*, 765 F.2d at 515. A dismissal with prejudice pursuant to Rule 37 is a "remedy of last resort" that should only be applied in extreme circumstances, and the court must consider less drastic sanctions before dismissing a case with prejudice. *Id.*

The failure to comply with the Court Order was the fault of the attorneys, not the plaintiffs. Furthermore, any prejudice to the defendants can be alleviated by moving this case to a new trial calendar. As a result, the Court finds that the motion to strike certain claims should be denied at this time. However, the plaintiffs are ordered to provide *fully completed and executed* releases in accordance with the Order granting in part and denying in part Motion to Compel [99] to Atlantic by no later than October 15, 2010. No further extensions will be granted, and any failure to provide proper releases will result in sanctions that may include dismissal of certain claims. Finally, the Court will move this case to its May trial calendar.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Strike Certain Claims [113] filed by Atlantic Scaffolding Company is **DENIED** at this time.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiffs must provide fully completed and executed releases in accordance with the Order granting in part and denying in part Motion to Compel [99] to Atlantic by no later than October 15, 2010.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is moved to the

Court's May trial calendar.  An amended scheduling order will be entered.

**SO ORDERED AND ADJUDGED** this the 21st day of September, 2010.


s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge